PUBLISH

**UNITED STATES COURT OF APPEALS**

**Filed 2/4/97**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ROBERT MCMILLAN,

        Defendant - Appellant.

No. 96-1277

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**(D.C. No. 92-CR-154)**

Submitted on the briefs:[*]

Henry L. Solano, United States Attorney, Robert T. Kennedy, Assistant U.S. Attorney, and John M. Hutchins, Assistant U.S. Attorney, Mountain States Drug Task Force, Denver, Colorado, for appellee.

Neil M. Schuster, Miami Beach, Florida, for defendant-appellant.

---

    [*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Before **ANDERSON**, **HENRY**, and **BRISCOE**, Circuit Judges.

_____

**ANDERSON,** Circuit Judge.

_____

Robert W. McMillan appeals from the denial of the government's Fed. R. Crim. P. 35(b)[1] motion to reduce his fines in two cases. McMillan was charged in the Eastern District of Louisiana (Case No. 92-CR-154) with one count of engaging in a continuing criminal enterprise in violation of 21 U.S.C. § 848 and one count of conspiracy to distribute MDMA (ecstasy) in violation of 21 U.S.C. §§ 841, 846. He was also charged by indictment in the District of Colorado (Case No. 91-CR-245) with conspiracy to possess marijuana with intent to distribute in violation of 21 U.S.C. §§ 841, 846. He

_____

[1]Fed. R. Crim. P. 35(b) provides:

> The court, on motion of the Government made within one year after the imposition of the sentence, may reduce a sentence to reflect a defendant's subsequent, substantial assistance in the investigation or prosecution of another person who has committed an offense, in accordance with the guidelines and policy statements issued by the Sentencing Commission pursuant to section 994 of title 28, United States Code. The court may consider a government motion to reduce a sentence made one year or more after imposition of the sentence where the defendant's substantial assistance involves information or evidence not known by the defendant until one year or more after imposition of sentence. The court's authority to reduce a sentence under this subsection includes the authority to reduce such sentence to a level below that established by statute as a minimum sentence.

pleaded guilty to these charges and was sentenced for all offenses in the District of Colorado on July 29, 1992, receiving 144 months imprisonment and a $150,000 fine for case number 92-CR-154, and 144 months imprisonment and a $75,000 fine for case number 91-CR-245, the terms of imprisonment to run concurrently.

Based on McMillan's cooperation with law enforcement officials, the district court granted the government's initial Rule 35(b) motion, reducing McMillan's term of imprisonment to ninety-six months. The government filed a second Rule 35(b) motion to reduce further McMillan's term of imprisonment, eliminate the $75,000 fine imposed in case number 91-CR-245, and reduce the $150,000 fine in case number 92-CR-154 to $100,000. Appellant's App. at 26. McMillan filed a response to this motion, seeking greater reductions to his prison term and fines than those proposed by the government. The district court determined that McMillan provided substantial assistance involving information or evidence developed one year after imposition of the sentence, and reduced his term of imprisonment to seventy-two months. Id. at 33-34 (Order for Second Reduction of Sentence). However, the district court also ruled on May 20, 1996: "The court's authority to change a fine is not provided for in Rule 35(b) but is controlled by 18 U.S.C. § 3573 and may be invoked by a petition for remission under that statutory authority. Accordingly, to the extent that the motion seeks the reduction of fine it is denied as procedurally incorrect." Id. at 36 (Order Denying Motion to Reduce Fine).

On June 3, 1996, McMillan filed a notice of appeal from the district court's order denying reduction of the fines, three days past the ten-day deadline established by Fed. R. App. P. 4(b).[2] On June 26, this court entered a show cause order, instructing the parties to file memorandum briefs discussing whether the untimely notice precludes this court's jurisdiction.[3] On July 5, more than forty days after entry of the order being appealed, McMillan filed a motion in the district court to extend the time for filing his appeal, arguing that there was excusable neglect for his untimely notice based on inherent delays in the mail and the difficulty of communicating with an incarcerated defendant. See Appellant's App. at 42-44. The district court found excusable neglect and granted the motion. Id. at 47-48.

---

[2] Fed. R. App. P. 4(b) provides in relevant part:

In a criminal case, a defendant shall file the notice of appeal in the district court within 10 days after the entry either of the judgment or order appealed from, or of a notice of appeal by the Government.

. . . .

A judgment or order is entered within the meaning of this subdivision when it is entered on the criminal docket. Upon a showing of excusable neglect, the district court may--before or after the time has expired, with or without motion and notice--extend the time for filing a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this subdivision.

[3] See Appellant's App. at 50. We reserved judgment on the jurisdictional issue, and we decide it here. See Appellant's App. at 55.

We agree with the parties that this court has jurisdiction to hear this appeal despite McMillan's untimely notice of appeal. In United States v. Lucas, 597 F.2d 243, 245 (10th Cir. 1979), we held that a defendant who filed his notice of appeal within the Rule 4(b) thirty-day extension period may obtain relief by showing excusable neglect notwithstanding his failure to file a motion seeking such relief within that same time frame. See also United States v. Andrews, 790 F.2d 803, 806 (10th Cir. 1986). Because McMillan filed his notice of appeal within the thirty-day extension period, and because the district court subsequently determined there was excusable neglect, this court has appellate jurisdiction.[4]

We review de novo the district court's determination that it had no jurisdiction under Rule 35(b) to reduce fines, FDIC v. Hulsey, 22 F.3d 1472, 1479 (10th Cir. 1994),

---

[4]While not discussed by the parties, we have jurisdiction to hear McMillan's appeal from denial of the government's motion because McMillan claims injury from the court's decision. See United States v. McAndrews, 12 F.3d 273, 278 (1st Cir. 1993). We also agree with the majority of circuits that jurisdiction to hear appeals from the resolution of a Rule 35(b) motion is governed by 18 U.S.C. § 3742. Compare United States v. Manella, 86 F.3d 201, 202-03 (11th Cir. 1996) (holding § 3742 provides jurisdiction over appeals from decisions on Rule 35(b) motions); United States v. Doe, 93 F.3d 67, 67-68 (2d Cir. 1996) (same); United States v. Arishi, 54 F.3d 596, 599 (9th Cir. 1995) (same); and United States v. Pridgen, 64 F.3d 147, 148-49 (4th Cir. 1995) (same); with McAndrews, 12 F.3d at 277 (holding appealability from order concerning Rule 35(b) motion is governed by 28 U.S.C. § 1291). Because the district court held it had no jurisdiction to reduce the fines, we construe McMillan's claim as one that his sentence was imposed in violation of law, reviewable under § 3742(a)(1). See United States v. Flanagan, 87 F.3d 121, 125 (5th Cir. 1996) (holding district court's determination that it lacked authority to depart provided jurisdiction under § 3742).

and we agree with the government and the defendant that the district court erred.[5]  Rule 35(b) allows a district court to reduce a sentence to reflect a defendant's substantial assistance in the prosecution of others in accordance with the Sentencing Guidelines and policy statements.  The Sentencing Guidelines clearly include fines as a type of criminal sentence.  See USSG §4A1.2(a) (defining prior sentence as "*any sentence* previously imposed upon adjudication of guilt") (emphasis added); United States v. Gallego, 905 F.2d 482, 483 (1st Cir. 1990).  The statutes under which McMillan was convicted similarly include fines as a component of the sentence.[6]  Also, courts have reduced fines under Rule 35(b) in other cases.[7]  See, e.g., United States v. Glantz, 884 F.2d 1483, 1488 (1st Cir. 1989) (holding motion to modify fine should have been considered part of Rule 35(b) motion to reduce sentence); United States v. Linker, 920 F.2d 1, 2 (7th Cir. 1990) (stating defendant had right to request a remission of fine under Rule 35(b)).

---

[5]The district court mistakenly stated that its authority to correct a fine was controlled by 18 U.S.C. § 3573, and not by rule 35(b).  Section 3573 provides for modification or remission of a fine "[u]pon petition of the Government showing that reasonable efforts to collect a fine or assessment are not likely to be effective . . . ."  The government has not made such a petition or allegation in this case, and § 3573 does not apply.

[6]For example, 21 U.S.C. § 848 provides:  "Any person who engages in a continuing criminal enterprise shall be sentenced to a term of imprisonment which may not be less than 20 years and which may be up to life imprisonment, *to a fine* . . . , and to the forfeiture prescribed . . . ." (emphasis added).  See also 21 U.S.C. § 841(b)(1)(C) ("shall be sentenced to . . . a fine").

[7]While these cases were decided under the prior version of Rule 35(b), we find no indication that the current version of Rule 35(b) has limited the court's jurisdiction to reduce fines.

For the foregoing reasons, we VACATE the decision of the district court and REMAND for consideration of that portion of the government's Rule 35(b) motion seeking reduction of fines.