**F I L E D**

**UNITED STATES COURT OF APPEALS**

**FEB 10 2003**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

GLEN WAYT,

      Defendant - Appellant.

No. 02-8084
D.C. No. 99-CR-92-05-J
(D. Wyoming)

---

**ORDER AND JUDGMENT**[*]

---

Before **SEYMOUR**, **MURPHY**, and **O'BRIEN**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Glen Wayt, proceeding *pro se*, appeals the district court's denial of his motion for correction or reduction of sentence brought pursuant to Rule 35 of the

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Federal Rules of Criminal Procedure.[1]  In denying the motion, the district court concluded that Wayt had not advanced any lawful basis for a sentence reduction pursuant to Rule 35.

This court has closely reviewed Wayt's appellate filings and reviewed *de novo* the district court's order and the entire record on appeal.  That review demonstrates that the district court's resolution of Wayt's motion is correct.  In particular, it is clear that: (1) Wayt is not entitled to relief under Rule 35(a) because the case was not before the district court on remand from this court; (2) Wayt is was not entitled to relief under Rule 35(b) because, *inter alia*, the government has not moved for a sentence reduction; and (3) Wayt is not entitled to relief under Rule 35(c) both because the motion was not filed within seven days of the imposition of sentence and because the motion failed to identify any arithmetical or technical error in the sentence.  In fact, it is clear that the proper vehicle for seeking the type of relief sought by Wayt is a motion to correct or vacate illegal sentence pursuant to 28 U.S.C. § 2255.[2]  Accordingly, this court

[1]We note that effective December 1, 2002, Rule 35 was amended. Although substantially redrafted, the amended version of Rule 35 does not alter the outcome of this case in any way.

[2]The district court did not err in failing to *sua sponte* construe Wayt's Rule 35 motion as a § 2255 motion.  *See United States v. Torres*, 282 F.3d 1241, 1245-46 (10th Cir. 2002) ("We have . . . held that district courts should only recharacterize a motion as a § 2255 petition where (1) the petitioner, having been made aware of the risks associated with recharacterization, assents, or (2) the district court concludes that the petitioner's motion can only be considered under

exercises jurisdiction pursuant to 18 U.S.C. § 3742 and **AFFIRMS** the district court's denial of Wayt's Rule 35 motion. *See United States v. McMillan*, 106 F.3d 322, 324 n.4 (10th Cir. 1997) (holding that jurisdiction to hear appeal from resolution of a Rule 35 motion arises under 18 U.S.C. § 3742, rather than 28 U.S.C. § 1291).

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge

---

§ 2255 and offers the movant the opportunity to withdraw the motion rather than have it so recharacterized." (quotation omitted)).