NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1107
_____

UNITED STATES OF AMERICA


v.

WILLIAM DAVENPORT,
also known as Little One

William Davenport,

                              Appellant.
_____

On Appeal from the District Court
for the Middle District Of Pennsylvania
(D.C. Cr. No. 08-CR-424-06)
District Judge: Hon. Christopher C. Conner
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
On March 22, 2011

Before: FUENTES, SMITH, VAN ANTWERPEN, Circuit Judges.

(Opinion Filed:   April 6, 2011)
_____


OPINION OF THE COURT
_____

FUENTES, Circuit Judge:

Appellant William Davenport appeals from the District Court's sentence of 199 months' imprisonment for conspiring to distribute and possess with intent to distribute cocaine base and cocaine hydrochloride under 21 U.S.C. § 846. For the reasons that follow, we will affirm.

**I.**

Because we write for the parties, we discuss the facts only to the extent necessary for resolution of the issues raised on appeal. On September 1, 2008, DEA agents conducted a search of a storage facility controlled by Davenport in Harrisburg, Pennsylvania. The storage facility consisted of three separate bays, each connected to the others through a series of internal doorways. Inside one bay of the facility agents uncovered substantial amounts of drug paraphernalia, as well as 160 grams of cocaine hydrochloride. In a separate bay, they found, among other things, two Cadillacs, one containing $14,015 in cash and the other containing a Bryco-Jennings 9 millimeter pistol with a loaded 10-round magazine, located between the seat cushions.

On October 28, 2008, DEA agents executed a search warrant at Davenport's residence in Enola, Pennsylvania, at which time Davenport gave a post-arrest statement admitting that he had purchased large quantities of cocaine hydrochloride, cooked the cocaine hydrochloride into cocaine base or "crack," and sold both substances to another individual. He also admitted that the firearm seized from the Cadillac in the storage facility was his. Although Davenport agreed to assist the authorities in the ongoing drug

investigation and provided them with helpful information, he later sent a text message to a co-conspirator named Juan Matos which read:

> Yo, they watching and following me like a hawk. I can't make a move, but I'll be at the spot on time this week. Yo, they know everything you do on that phone.

(App. at 25.)

Davenport pled guilty on July 21, 2009 to one count of conspiracy to distribute and possess with intent to distribute 5 kilograms of cocaine hydrochloride and 50 grams or more of crack cocaine. The Presentence Investigation Report ("PSR") and District Court both calculated Davenport's Guidelines' sentencing range as 235 to 293 months' imprisonment, but because 21 U.S.C. § 846(b)(1)(C) provides for a statutory maximum sentence of 20 years' imprisonment, the final range was limited to 235 to 240 months.

Davenport objected to the PSR's Guidelines calculation on three grounds: (1) the alleged unwarranted disparity between his sentence and the sentences received by three co-conspirators; (2) the use of the 100-to-1 crack to cocaine ratio in calculating the base offense level under U.S.S.G. § 2D1.1(c); and (3) the application of a two-level enhancement under U.S.S.G. § 2D1.1(b)(1) for possession of a dangerous weapon in connection with a drug trafficking crime. He also sought a downward variance under 18 U.S.C. § 3553(a). The District Court rejected each of Davenport's objections, but granted a downward variance of 36 months under § 3553(a), sentencing Davenport to 199 months' imprisonment. Three co-conspirators, Yovanny Dejesus, Luis Diaz, and Walter Santiago, were sentenced to 57, 60, and 108 months, respectively.

## II.

3

**A.**

The District Court had subject matter jurisdiction over this criminal matter under 18 U.S.C. § 3231. This Court exercises jurisdiction over Davenport's appeal under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

Our review of whether a district court abused its discretion in imposing a sentence upon a criminal defendant is twofold. We first consider whether the sentencing court committed any procedural errors "such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence-including an explanation for any deviation from the Guidelines range." United States v. Tomko, 562 F.3d 558, 567 (3d Cir. 2009) (en banc) (quoting Gall v. United States, 552 U.S. 38, 51 (2007)). "We review a district court's legal conclusions regarding the Guidelines de novo, . . . its application of the Guidelines to the facts for abuse of discretion, . . . and its factual findings for clear error[.]" United States v. Blackmon, 557 F.3d 113, 118 (3d Cir. 2009) (internal citations omitted). If the district court committed no procedural error, we consider the sentence's substantive reasonableness. A sentence is substantively unreasonable only if "no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." Tomko, 562 F.3d at 568.

**B.**

On appeal, Davenport first contends that the District Court erred in applying the two-point enhancement for possession of a dangerous weapon in connection with a drug

4

trafficking crime despite the absence of evidence that the firearm was used in connection with the drug offense. Section 2D1.1(b)(1) of the Guidelines provides for a two-level enhancement if the defendant possessed a dangerous weapon "unless it is clearly improbable that the weapon was connected with the offense." U.S.S.G. § 2D1.1 cmt. n.3. Courts have generally relied on four factors when making this determination: (1) whether the gun was a handgun; (2) whether the gun was loaded; (3) whether the gun was found near the drugs or drug paraphernalia; and (4) whether the gun was accessible. United States v. Drozdowski, 313 F.3d 819, 822-23 (3d Cir. 2002).

Here, the handgun, which contained a loaded magazine, was found in Davenport's storage facility. Although the gun was found in one of three bays in the facility, while the drugs and drug paraphernalia were found in a separate bay, internal doors made each bay easily accessible to the others, all three of which Davenport controlled. Further, the gun was located in the same bay as more than $14,000 in cash. Finally, Davenport knew that the gun was hidden between two seat cushions in one of the Cadillacs, thus making it easily accessible to him. In light of these facts, we cannot say that the District Court erred in concluding that it was not "clearly improbable" that the firearm was connected to Davenport's drug conspiracy.

## C.

Davenport next contends that the District Court abused its discretion in failing to consider the disparity between his sentence and those received by three co-conspirators, Yovanny Dejesus, Luis Diaz, and Walter Santiago. 18 U.S.C. § 3553(a)(6) provides that the District Court should consider the "need to avoid unwarranted sentencing disparities

5

among defendants with <u>similar records</u> who have been found guilty of similar conduct." (emphasis added). Here, the District Court noted that the three co-conspirators each received considerable downward departures because they cooperated with the Government's investigation. In contrast, after first agreeing to cooperate, Davenport engaged in behavior that obstructed the investigation when he warned a co-conspirator via text message that he was being watched and followed and that the co-conspirator's phone was being monitored. Moreover, DeJesus and Diaz both lacked a criminal record and received sentences of 57 and 60 months, respectively, while Santiago had a criminal history category of III and received a sentence of 108 months. In contrast, Davenport had a criminal history category of IV. In light of these highly relevant differences between the criminal record and conduct of Davenport and those of his three co-conspirators, the District Court's decision not to vary from the Guidelines on the basis of alleged sentencing disparities was not an abuse of discretion.

**D.**

Davenport further argues that the District Court abused its discretion in calculating his base offense level under U.S.S.G. § 2D1.1(c) using a crack to cocaine hydrochloride ratio of 100 to 1. He notes that the Fair Sentencing Act of 2010 reduced that disparity to 18 to 1, and that <u>Kimbrough v. United States</u>, 552 U.S. 85 (2007), and <u>Spears v. United States</u>, 129 S.Ct. 840 (2009), permit district courts to categorically reject the Guidelines' crack-cocaine differential as a matter of policy and on that basis impose a sentence outside the Guidelines' sentencing range.

Davenport, however, was sentenced in December 2009, before the Fair Sentencing Act of 2010 became effective on August 3, 2010. See Pub. L. No. 111-220, 124 Stat 2372, § 2 (August 3, 2010). We have also determined that the Fair Sentencing Act does not apply retroactively. See United States v. Reevey, 631 F.3d 110, 114-15 (3d Cir. 2010). Further, we have previously held that a district court is "under no obligation to impose a sentence below the applicable Guidelines solely on the basis of the crack/powder cocaine differential." United States v. Gunter, 462 F.3d 237, 248 (3d Cir. 2006). Here, the District Court expressly acknowledged its authority to vary from the Guidelines based on potential policy disagreements with the crack/powder cocaine differential, but declined to do so. Under our established case law, this was not an abuse of discretion.

## E.

Finally, Davenport argues that the District Court abused its discretion by imposing a substantively unreasonable sentence of 199 months pursuant to 18 U.S.C. §3553(a). Specifically, Davenport argues that he should have received a larger variance because of his post-arrest admissions, an overstatement of his criminal history category resulting from a state court conviction where he was not represented by counsel, his health problems, his daughter's health problems, and his family's reduced financial circumstances. Here, the District Court carefully and expressly considered the § 3553(a) factors, and noted Davenport and his daughter's health problems, his family's financial difficulties, his drug addiction, and his attempts to assist authorities. Taking these considerations into account, the District Court imposed a sentence that was 36 months below the Guidelines' sentencing range. In sum, there is

7

nothing in the record before us to suggest that the sentence here was anything other than reasonable.

## III.

For the foregoing reasons, we will affirm the District Court's judgment.