CLD-116                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-3497
_____

UNITED STATES OF AMERICA

v.

WILLIAM DAVENPORT,
a/k/a Little One,
                                            Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. Criminal No. 1:08-cr-00424-006)
District Judge:  Honorable Christopher C. Conner

_____

Submitted for Possible Dismissal Due to Lack of Timely Filing
and on Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 11, 2021
Before:  RESTREPO, MATEY, and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: April 6, 2021)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant William Davenport appeals from the District Court's denial of his renewed motion for compassionate release. The Government has filed a motion for summary affirmance. For the reasons that follow, we grant the Government's motion and will summarily affirm the District Court's judgment.

In 2009, Davenport pleaded guilty to conspiracy to distribute and possess with intent to distribute cocaine hydrochloride and cocaine base. He was sentenced to a term of 199 months' imprisonment, followed by a term of supervised release. Davenport appealed, and we affirmed. See United States v. Davenport, 422 F. App'x 115, 116 (3d Cir. 2011) (non-precedential). His sentence was later reduced to a term of 188 months' imprisonment.

In April 2020, Davenport filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). He argued that the District Court should release him because several medical conditions placed him at an increased risk of danger from the COVID-19 pandemic. He contended that he had completed serving the majority of his sentence, that he had changed his life for the better while in prison, and that he had a strong family support network to return to if released. In June 2020, the District Court denied his motion, concluding that Davenport had not shown that extraordinary and compelling reasons warranted a reduction in his sentence, see 18 U.S.C. § 3582(c)(1)(A)(i), after determining that the 18 U.S.C. § 3553(a) factors counseled against release. Specifically, the District Court observed that Davenport's existing sentence already reflected a downward variance from the bottom of the Guidelines range. The District Court discussed how Davenport's offense involved a significant amount of narcotics, the obstruction of justice, and

possession of a firearm. The District Court also noted Davenport's past criminal history and Davenport's commission of the underlying drug-trafficking offense while on parole. Davenport filed a motion for reconsideration, which was denied in August 2020, and he did not appeal either decision.

In November 2020, Davenport filed a letter in the District Court that was construed as a renewed motion for compassionate release. He argued that because his facility had more than 200 COVID-19 cases at the time, he feared contracting the disease given his underlying health conditions and sought release because he had only 16 months of his sentence left to serve. The District Court denied his request, concluding that he had not established extraordinary and compelling grounds for release while stating that the § 3553(a) factors continued to counsel against release and referring to its earlier analysis. Davenport appealed that decision, and the Government has moved for summary affirmance.[1]

We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's order

---

[1] Davenport, who seeks to appeal only the order denying his renewed motion for compassionate release, filed his notice of appeal more than 14 days after the District Court entered its order denying his motion. It was, therefore, untimely. See Fed. R. App. P. 4(b)(1)(A); United States v. Espinosa-Talamantes, 319 F.3d 1245, 1246 (10th Cir. 2003) (explaining that a § 3582(c)(2) motion is considered a continuation of a defendant's criminal proceedings and, accordingly, the time period for filing a notice of appeal in a criminal proceeding applies). Nonetheless, we will review the merits of this appeal because the 14-day period for filing a notice of appeal in a criminal case is not jurisdictional, and the Government has not responded to a notice from the Clerk about the issue and instead requests that we rule on the merits of the appeal.. See Gov't of the V.I. v. Martinez, 620 F.3d 321, 328-29 (3d Cir. 2010); see also United States v. Muhammud, 701 F.3d 109, 111 (3d Cir. 2012).

for abuse of discretion.  See United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020). We may summarily affirm a district court's decision "on any basis supported by the record" if the appeal fails to present a substantial question.  See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

We will grant the Government's motion.  The compassionate-release provision states that a district court "may reduce the term of imprisonment" and "impose a term of probation or supervised release" if it finds that "extraordinary and compelling reasons warrant such a reduction."  18 U.S.C. § 3582(c)(1)(A)(i).  Before granting compassionate release, a district court must consider "the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable."  Id. § 3582(c)(1)(A).  Those factors include "the nature and circumstances of the offense and the history and characteristics of the defendant," id. § 3553(a)(1), and the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense"; "to afford adequate deterrence to criminal conduct"; and "to protect the public from further crimes of the defendant," id. § 3553(a)(2)(A)-(C).

We discern no abuse of discretion in the District Court's conclusion that numerous § 3553(a) factors weighed against granting compassionate release here.  Davenport did not reference any of the § 3553(a) factors in his renewed motion, which the District Court had previously discussed as reasons for denying his earlier motion.  It was reasonable for the District Court to conclude that Davenport's serious offenses, criminal history, and previous sentencing reduction strongly favored denying his request for compassionate release.  We

4

thus do not have "a definite and firm conviction that [the District Court] committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." See Pawlowski, 967 F.3d at 330 (internal quotation marks and citation omitted).

Accordingly, we will summarily affirm the District Court's judgment.