UNITED STATES of America,
Plaintiff–Appellee,

v.

Manuel ESPINOSA–TALAMANTES,
also known as Ramon Valles–
Lopez, Defendant–Appellant.

No. 02–2065.

United States Court of Appeals,
Tenth Circuit.

Feb. 12, 2003.

Manuel Espinosa–Talamantes, pro se.

David C. Iglesias, United States Attorney, and Laura Fashing, Assistant United States Attorney, Albuquerque, New Mexico, for Plaintiff–Appellee.

Before HENRY, BRISCOE, and MURPHY, Circuit Judges.

HENRY, Circuit Judge.

Manual Espinosa–Talamantes (defendant), a federal prisoner appearing pro se, appeals the district court's denial of his motion to modify his term of imprisonment under 18 U.S.C. § 3582(c)(2).[1] We con-

---

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

clude that defendant failed to file his notice of appeal within the ten-day period required by Fed. R.App. P. 4(b)(1)(A). However, because defendant filed his notice of appeal within the thirty-day extension period provided by Fed. R.App. P. 4(b)(4), we remand this case to the district court for the limited purpose of determining whether excusable neglect or good cause exists for the untimely filing of defendant's notice of appeal.

## I.

In March 2001, defendant, a non-citizen who was previously deported after being convicted of an aggravated felony, pled guilty to the offense of unlawfully reentering the United States in violation of 8 U.S.C. § 1326. In July 2001, the district court sentenced defendant to a prison term of thirty-seven months. In February 2002, defendant filed a motion under 18 U.S.C. § 3582(c)(2) to modify his term of imprisonment in light of the November 2001 amendment to USSG § 2L1.2. On February 13, 2002, the district court entered an order denying the motion, concluding that the amendment to § 2L1.2 was neither retroactive nor clarifying and that defendant was therefore not entitled to a reduction in his sentence. On March 11, 2002, defendant filed his notice of appeal regarding the February 13, 2002 order.[2]

## II.

■ "A timely notice of appeal is both mandatory and jurisdictional." *United States v. Langham,* 77 F.3d 1280, 1280 (10th Cir.1996). Here, the district court docketed defendant's motion under § 3582(c)(2) as a civil proceeding. Thus, we must determine whether the time period for filing a notice of appeal from the denial of a § 3582(c)(2) motion is the ten-day period for criminal cases under Fed. R.App. P. 4(b)(1)(A) or the sixty-day period for civil cases in which the United States is a party under Fed. R.App. P. 4(a)(1)(B). Several of our sister circuits have addressed this issue, and they have all "concluded that the ten-day period applies, reasoning that a § 3582(c)(2) motion is a continuation of the prior criminal proceeding." *United States v. Arrango,* 291 F.3d 170, 171 (2d Cir.2002) (citing *United States v. Alvarez,* 210 F.3d 309, 310 (5th Cir.2000); *United States v. Petty,* 82 F.3d 809, 810 (8th Cir.1996); *United States v. Ono,* 72 F.3d 101, 102 (9th Cir.1995)). We agree with this reasoning, and we hold that the ten-day period under Rule 4(b)(1)(A) applies to this appeal.

■ Defendant filed his notice of appeal more than ten days after the entry of the district court's order. However, under Fed. R.App. P. 4(b)(4), a district court may extend the period to file a notice of appeal for an additional thirty days "[u]pon a finding of excusable neglect or good cause." Although defendant did not file a motion under Rule 4(b)(4) to extend the period for filing his notice of appeal, we have held "that a defendant who filed his notice of appeal within the Rule 4(b) thirty-day extension period may obtain relief by showing excusable neglect notwithstanding his failure to file a motion seeking such relief within that same time frame." *United States v. McMillan,* 106 F.3d 322, 324 (10th Cir.1997). Further, in most cases, the appropriate remedy in such a situation is to remand the case to the district court so that the court can determine if the requisite showing for a thirty-day extension of time can be made. *See United States v. Lucas,* 597 F.2d 243, 245–46 (10th Cir.1979). This is consistent with

---

**2.** The notice of appeal indicates that defendant may have mailed it to the district court on March 5, 2002. However, the mailing date is immaterial for purposes of the issues in this appeal.

the approach taken by our sister circuits in the context of appeals from district court orders denying § 3582(c)(2) motions. *See Ono*, 72 F.3d at 103 (remanding case to district court for limited purpose of determining whether excusable neglect existed for late filing of notice of appeal where appellant filed notice of appeal within forty days of district court's order denying his § 3582(c)(2) motion); *Petty*, 82 F.3d at 810 (same).

At the time of our decision in *McMillan*, Fed. R.App. P. 4(b) provided for a thirty-day extension of the period to file a notice of appeal "[u]pon a showing of excusable neglect." Fed. R.App. P. 4(b) (1995). In 1998, Rule 4(b) was amended, and, as set forth above, the rule now provides for a thirty-day extension of time "[u]pon a finding of excusable neglect *or good cause.*" Fed. R.App. P. 4(b)(4) (1998) (emphasis added).[3] Accordingly, because defendant filed his notice of appeal within the thirty-day extension period provided by Rule 4(b)(4), we remand this case to the district court for the limited purpose of determining whether defendant can establish excusable neglect or good cause for the untimely filing of his notice of appeal. After the district court makes this determination, we request that it promptly forward a copy of its order to this court.

This appeal remains lodged on the docket of this court, and we REMAND to the district court for its determination of whether defendant can establish excusable neglect or good cause for the untimely-filed notice of appeal.

---

3. Fed. R.App. P. 4 was also amended effective December 1, 2002, but the 2002 amendments did not make any changes to Rule 4(b)(4).