

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-14-2009

# USA v. Simmons

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2479

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Simmons" (2009). *2009 Decisions.* Paper 1365.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1365

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-2479
_____

UNITED STATES OF AMERICA

v.

KENNETH O. SIMMONS, JR.,
                                        Appellant


_____


On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Crim. No. 00-cr-00050-2)
District Judge: Honorable William W. Caldwell

_____


Submitted Pursuant to Third Circuit LAR 34.1(a)
May 11, 2009
Before: SLOVITER, AMBRO and GREENBERG, <u>Circuit</u> <u>Judges</u>

(Opinion filed :  May 14, 2009)
_____

OPINION
_____


PER CURIAM

    Appellant Kenneth Simmons appeals from an order of the District Court denying

his motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2).  Simmons

sought relief based on Amendment 706 to the United States Sentencing Guidelines, which

lowered the base offense level for cocaine base, or crack, offenses. The Federal Public

Defender was appointed to represent him, and the Government sought input from the

United States Probation Office. The Probation Office determined, and Simmons's

counsel agreed, that Amendment 706 did not apply to him. The District Court denied the

section 3582(c)(2) motion and granted appointed counsel's motion to withdraw. This

timely appeal followed.[1] We previously denied Simmons's motion for appointment of

counsel on appeal.

A section 3582(c)(2) motion is the proper means for seeking a reduction in

sentence based on the retroactive application of a lowered sentencing range. However,

Amendment 706 is not applicable here, and Simmons's section 3582(c)(2) motion is

without merit.

Simmons was convicted and sentenced to a term of imprisonment of 360 months

for offenses involving the distribution of crack cocaine. The sentence was based in part

on the District Court's determination that Simmons was responsible for distributing more

than 40 kilograms of crack cocaine. As a result, the base offense level was 38, U.S.S.G. §

2D1.1(c)(1), and, with a criminal history category of V, Simmons's sentencing range was

---

[1] Simmons had ten days to appeal after judgment was entered on April 25, 2008. Fed. R. App. Pro. 4(b)(1)(A). See also United States v. Espinosa-Talamantes, 319 F.3d 1245, 1246 (10th Cir. 2003) (ten-day period for appealing in criminal cases applies to motion to modify term of imprisonment). On May 13, 2008, he filed a Rule 4(b)(4) motion to extend the time to appeal, which the District Court, finding good cause, granted. Simmons was given until May 19, 2008 to file a timely notice of appeal, and the Clerk was directed to prepare and file the notice by the deadline.

360 months to life.

Although Amendment 706 generally reduced the base offense level for crack cocaine by two levels, see United States v. Wise, 515 F.3d 207, 219 (3d Cir. 2008), the amendment did not reduce the base offense level for quantities of crack cocaine of 4.5 kilograms or more, see U.S.S.G. § 2D1.1(c)(1) (2007). Since Simmons's offense involved 40 kilograms, his base offense level remains at 38 and the amendment does not have the effect of lowering his sentence.

Simmons contends on appeal that the Probation Office calculated his Guidelines range based on 1.5 kilograms or more of crack cocaine, and then later constructively amended the presentence investigation report to state that he was responsible for 4.5 kilograms or more of crack cocaine. However, it necessarily follows that more than 40 kilograms falls squarely within the definition of "1.5 kilograms *or more*" or "4.5 kilograms *or more*." As Simmons's offenses involved more than 40 kilograms of crack cocaine, his base offense level remains at 38, the same level used to calculate his original Guidelines range. The District Court properly determined that a reduction pursuant to 18 U.S.C. § 3582(c)(2) was not authorized in Simmons's case on the basis of Amendment 706 because it does not have the effect of lowering his applicable Guidelines range. U.S.S.G. § 1B1.10(a)(2)(B).[2]

---

[2] Simmons also presented arguments that the Government did not prove the quantity of crack cocaine beyond a reasonable doubt. The District Court properly declined to address these arguments on the ground that proceedings pursuant to 18 U.S.C. § 3582(c)(2) are limited to consideration of the effect of a retroactive amendment on a defendant's

For the foregoing reasons, we will affirm the order of the District Court denying Simmons's section 3582(c)(2) motion and granting appointed counsel's motion to withdraw. Appellant's second motion for appointment of counsel on appeal is denied.

---

sentence. On appeal, Simmons included in his brief a request for relief under Amendment 711; however, Amendment 706 was amended by Amendment 711 in ways not relevant to this appeal.