OPINION
PER CURIAM.
Travis Thurston Parker appeals pro se from the District Court’s order denying his motion under 18 U.S.C. § 3582(c)(2) to modify his sentence. Because this appeal presents no substantial question, we will summarily affirm. See 3d Cir. LAR 27.4 (2008); 3d Cir. I.O.P. 10.6.
I.
In 2002, a federal jury found Parker guilty of drug trafficking crimes involving at least 50 grams of crack cocaine and five kilograms of powder cocaine. Parker’s Sentencing Guidelines sentencing range was 324 to 405 months of imprisonment, and the District Court sentenced him to 324 months. We affirmed Parker’s convictions, but remanded for resentencing in light of United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). See United States v. Parker, 142 Fed.Appx. 19, 24 (3d Cir.2005). On remand, the District Court expressed relief at being permitted to depart from the Guidelines and, after weighing the factors set forth in 18 U.S.C. § 3553(a), resentenced Parker to 180 months of imprisonment. (May 24, 2005 Sentencing Trans., Docket No. 314, at 8-10.)
The Sentencing Commission later issued and made retroactive Amendment 706, *742 which “decreased by two levels the base offense level for crack cocaine offenses.” United States v. Wise, 515 F.3d 207, 219 (3d Cir.2008). Parker filed a motion under 18 U.S.C. § 3582(c)(2), to modify his sentence on the basis of that amendment.[1] The District Court appointed counsel, who filed a supplemental motion, and then denied the motion by order entered July 21, 2008. Parker appeals.
II.
We have jurisdiction under 28 U.S.C. § 1291.[2] We review the District Court’s interpretation of the Guidelines de novo and its ultimate disposition of a § 3582(c)(2) motion for abuse of discretion. See United States v. Mateo, 560 F.3d 152, 154 (3d Cir.2009). We perceive no abuse of discretion here.
Section 3582(c) authorizes district courts to reduce a sentence on the basis of a retroactive amendment to the Sentencing Guidelines, but only “if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.” § 3582(c)(2); Mateo, 560 F.3d at 156. As the District Court explained, the applicable policy statement provides that “if the original term of imprisonment constituted a non-guidelines sentence determined pursuant to 18 U.S.C. § 3553(a) and United States v. Booker ..., a further reduction generally would not be appropriate.” U.S.S.G. § lB1.10(b)(2)(B) (citation omitted).
The District Court concluded that a further reduction was not appropriate in this case because Parker’s crimes were serious drug offenses, he has incurred disciplinary violations during his incarceration, and he already has received a substantial reduction in his sentence. In doing so, the District Court properly recognized that it retains discretion under U.S.S.G. § 1B1.10(b)(2)(B) to further reduce sentences, but explained why relevant considerations did not warrant a further reduction in Parker’s case. Thus, we cannot say that the District Court abused its discretion. Moreover, the District Court did not base its sentence on the previous crack cocaine Guideline, and Parker’s sentence remains well below even the reduced Guidelines range. Accordingly, we will affirm the judgment of the District Court.

. Parker's sentence of 180 months of imprisonment remains below the amended Guidelines range. Parker's original Guidelines range was based on an offense level of 38 and a criminal history category of IV. Dropping his offense level by two to 36 yields a range of 235 to 293 months of imprisonment. See U.S.S.G. Ch. 5, Pt. A, Sentencing Table.

. The time for filing an appeal from a ruling on a § 3582(c)(2) motion is governed by the provisions of Fed. R.App. P. 4(b) applicable to criminal proceedings. See United States v. Espinosa-Talamantes, 319 F.3d 1245, 1246 (10th Cir.2003) (collecting cases). Thus, Parker had until August 4, 2008, to file a timely appeal. See Fed. R.App. 4(b)(1)(A), 26(a)(3). Parker did not file a timely appeal. In March 2009, he sent a letter to the District Court inquiring about the status of his motion, and the District Court forwarded a copy of the July 21 order. Parker filed his notice of appeal shortly thereafter, claiming that he had never received a copy of the order from either his counsel or the District Court. We need not determine whether these circumstances entitle him to relief. In the wake of Bowles v. Russell, 551 U.S. 205, 127 S.Ct. 2360, 168 L.Ed.2d 96 (2007), every Court of Appeals to have addressed the issue has concluded that the time limitation contained in Rule 4(b), unlike that contained in Rule 4(a), is not jurisdictional but is instead a claims processing rule whose application can be forfeited. See United States v. Urutyan, 564 F.3d 679, 683-686 & n. 7 (4th Cir.2009) (collecting cases). In this case, the Government has not sought to enforce the time limitation. Accordingly, we will reach the merits of Parker's appeal.