**UNITED STATES of America**

v.

**Kenyatta Darnell HENRY, Appellant.**

**No. 09–3214.**

United States Court of Appeals,
Third Circuit.

Submitted for Possible Dismissal
Due to an Untimely Notice of Appeal and
Possible Summary Action

Pursuant to Third Circuit LAR 27.4 and
I.O.P. 10.6 Oct. 29, 2009.

Opinion filed: Dec. 14, 2009.

Michael A. Consiglio, Esq., Office of United States Attorney, Harrisburg, PA, for United States of America.

Kenyatta Darnell Henry, Otisville, NY, pro se.

Before: MCKEE, RENDELL and CHAGARES, Circuit Judges.

## OPINION

### PER CURIAM.

Kenyatta Darnell Henry appeals *pro se* from the District Court's order denying his motion under 18 U.S.C. § 3582(c)(2) to modify his sentence. Because this appeal presents no substantial question, we will summarily affirm. *See* 3d Cir. LAR 27.4 (2008); 3d Cir. I.O.P. 10.6.

In May 2007, Henry pleaded guilty to possession with intent to distribute 50 grams or more of cocaine base and cocaine. *See* 21 U.S.C. § 841(a)(1). The pre-sentence report identified Henry's drug quantity as 410 grams of crack cocaine and 22 grams of powder cocaine. Because the offense involved different controlled substances, the quantities were converted to a marijuana equivalent, which in this case was approximately 8200 kilograms. *See* U.S.S.G. § 2D1.1, Application Note 10. Therefore, the District Court assigned a base offense level of 34.[1] *See* U.S.S.G. § 2D1.1(c). That level was reduced by three points for acceptance of responsibility. *See* U.S.S.G. §§ 3E1.1. With a total offense level of 31, and a criminal history category of VI, Henry's guidelines sentencing range was 188 to 235 months of imprisonment. In a Judgment entered on August 23, 2007, the District Court sentenced Henry to 188 months of imprisonment.

The Sentencing Commission later adopted and made retroactive Amendment 706, which "decrease[d] by two levels the base offense level for crack cocaine offenses." *United States v. Wise*, 515 F.3d 207, 219 (3d Cir.2008). Henry filed a counseled motion under 18 U.S.C. § 3582(c)(2), to modify his sentence on the basis of that amendment. The Government filed a brief in opposition. By order entered July 1, 2009, the District Court denied the motion. Henry appeals.

We have jurisdiction under 28 U.S.C. § 1291.[2] We review the District Court's interpretation of the Guidelines *de novo* and its ultimate disposition of a § 3582(c)(2) motion for abuse of discretion. *See United States v. Mateo*, 560 F.3d 152, 154 (3d Cir.2009). We perceive no abuse of discretion here.

Section § 3582(c)(2), the provision permitting a district court to reduce a term of imprisonment following a change in the Sentencing Guidelines, provides that the court must "consider[ ] the factors set forth in section 3553(a) to the extent that they are applicable." *See also* U.S.S.G. § 1B1.10 cmt. n. 1(B)(i) ("Consistent with § 3582(c)(2), the court shall consider the

---

1. Henry was a career offender, and the career offender sentencing guidelines called for an offense level of 32. But those guidelines do not apply unless the base offense level they establish is "greater than the offense level otherwise applicable." U.S.S.G. § 4B1.1(b).

2. The time for filing an appeal from a ruling on a § 3582(c)(2) motion is governed by the provisions of Fed. R.App. P. 4(b) applicable to criminal proceedings. *See United States v. Espinosa–Talamantes*, 319 F.3d 1245, 1246 (10th Cir.2003) (collecting cases). Thus, Henry had until Monday, July 13, 2009, to file a timely appeal. *See* Fed. R.App. 4(b)(1)(A), 26(a)(3). Henry filed his notice of appeal on July 20, 2009, claiming that he did not receive a copy of the order until July 16, 2009. We need not determine whether these circumstances entitle him to relief. In the wake of *Bowles v. Russell*, 551 U.S. 205, 127 S.Ct. 2360, 168 L.Ed.2d 96 (2007), every Court of Appeals to have addressed the issue has concluded that the time limitation contained in Rule 4(b), unlike that contained in Rule 4(a), is not jurisdictional but is instead a claims processing rule whose application can be forfeited. *See, e.g., United States v. Frias*, 521 F.3d 229, 233–34 (2d Cir.2008). In this case, the Government has not sought to enforce the time limitation. Accordingly, we will reach the merits of Henry's appeal.

factors set forth in 18 U.S.C. § 3553(a) in determining ... whether a reduction in the defendant's term of imprisonment is warranted ....). Those factors include, inter alia, "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). In this case, the District Court determined that Amendment 706 lowered Henry's base offense level by two, from 34 to 32. *See* U.S.S.G. § 2D1.1, Application Note 10(D). With three points subtracted for acceptance of responsibility, and a criminal history category of VI, Henry's amended guideline range was 151 to 188 months of imprisonment. Therefore, Henry was eligible for a sentence reduction of up to 37 months.

The District Court exercised its discretion not to reduce Henry's sentence, however. After acknowledging that it was required to take into account the § 3553(a) factors, including "the nature and circumstances of the offense," the District Court noted that Henry's "drug dealing was so extensive that his base offense level was driven by his drug quantity under section 2D1.1(c), while for most career offenders the drug-table offense level is trumped by the offense level in section 4B1.1(b). Given the quantity of drugs Defendant distributed, no reduction in sentence is appropriate." In making its determination, the District Court referred to the arguments made by the Government, which emphasized that Henry's offense involved several episodes of large-scale drug distribution. *See United States v. Eggersdorf,* 126 F.3d 1318, 1322 (11th Cir.1997) (holding that the district court adequately considered the § 3553(a) factors by briefly stating that it had reviewed the government's brief, which set out the pertinent factors and enumerated facts relevant to those factors). Under these circumstances, we believe that the District Court set forth sufficient reasons for its decision to deny Henry's § 3582(c)(2) motion. *See*

*United States v. Dorrough,* 84 F.3d 1309, 1311 (10th Cir.1996) (stating that when adjudicating a § 3582(c) motion "[t]here is no requirement that the district court make specific findings regarding each of the [§ 3553(a)] factors as long as it states the reasons for its actions."); *cf. United States v. Cooper,* 437 F.3d 324, 329 (3d Cir.2006) (citation omitted) ("Nor must a court discuss and make findings as to each of the § 3553(a) factors if the record makes clear the court took the factors into account in sentencing.").

Because we conclude that there was no abuse of discretion, we will summarily affirm the judgment of the District Court.