**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2416
_____

UNITED STATES OF AMERICA

v.

REBECCA STRAUSBAUGH,

Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(District Court No. 1-11-cr-00096-002)
District Judge:  Honorable William W. Caldwell

_____

Submitted under Third Circuit LAR 34.1(a)
on July 15, 2013

(Filed:  August 9, 2013)

Before:  RENDELL, SMITH and ROTH, Circuit Judges

_____

O P I N I O N
_____

**RENDELL**, Circuit Judge:

On October 26, 2011, after a three-day bench trial, Defendant Rebecca

Strausbaugh was found guilty of offenses involving the sexual exploitation of a child in

violation of 18 U.S.C. § 2251(a) and (e). After she was sentenced on May 8, 2012, Strausbaugh timely appealed the District Court's judgment of conviction, arguing that the evidence introduced at trial was insufficient as a matter of law to prove the elements of 18 U.S.C. § 2251(a). For the reasons discussed below, we will affirm the District Court's judgment of conviction.

## I. Background[1]

After executing a search warrant pursuant to a child pornography investigation in Canada, the Canadian police alerted federal agents in the United States that a resident of the United States—using email addresses belonging to Strausbaugh and her husband—had distributed, and possibly produced, images of child pornography. (App. 62a-75a.) Specifically, an email exchange between the subject of the Canadian investigation and the owner of an email address with an IP address assigned to Strausbaugh's home stated that he had nude images of an eight-month-old female infant and attached a photograph of the child with a comment "here's a preview." (*Id.* at 63a-64a, 70a.) Federal agents executed a search warrant for all electronic media and storage devices at the New Oxford, Pennsylvania home that Strausbaugh shared with her husband. (*Id.* at 74a-75a.) Agents found several photographs on various devices depicting, *inter alia*, the eight-month-old child, naked from the waist down, being held by Strausbaugh and Strausbaugh spreading the child's legs and genitals. (*Id.* at 145a.) In total, Strausbaugh assisted in taking fifty-seven photographs. (*Id.* at 568a-581a.)

---

[1] The District Court had jurisdiction pursuant to 28 U.S.C. § 3231 and this Court has jurisdiction pursuant to 28 U.S.C. § 1291.

On March 23, 2011, a grand jury in the Middle District of Pennsylvania returned an indictment charging Strausbaugh with one count of sexual exploitation of a child in violation of 18 U.S.C. § 2251(a) and (e). (*Id.* at 23a-25a.) A superseding indictment adding two additional counts of sexual exploitation of a child in violation of 18 U.S.C. § 2251(a) and (e) and a forfeiture allegation under 18 U.S.C.§ 2253 was returned on May 4, 2011. (*Id.* at 28a.) Strausbaugh waived her right to a jury trial, and proceeded to a bench trial conducted by the Honorable William W. Caldwell.

At trial, both Strausbaugh and her husband testified. Strausbaugh testified that although she had told an agent that she took pictures of the infant because she was concerned that the child may have been sexually abused, she wasn't actually inspecting the infant for abuse in the photographs. (*Id.* at 471a, 473a.) She also gave inconsistent testimony, for instance claiming that she did not know about some of the photographs, but also that she did not want to take the photographs but her husband forced her to. (*See, e.g., id.* at 482a, 474a.) Furthermore, Strausbaugh's husband testified that the pictures of the child were taken for his own personal use, that Strausbaugh knew that the pictures were intended for his personal use, and that Strausbaugh had "reason to believe" that her husband looked at child pornography. (*Id.* at 391a-393a.) At the conclusion of the trial, the District Court found Strausbaugh guilty on all counts. (*Id.* at 538a-543a.)

On May 8, 2012, the District Court entered a judgment of conviction against Strausbaugh and imposed a sentence of 15 years' imprisonment, five years' supervised release, a $300 special assessment, and a $900 fine. (*Id.* at 545a-566a.) Strausbaugh's timely appeal followed.

3

## II. Standard of Review

We must sustain a conviction if substantial evidence exists to support it when that evidence is viewed in the light most favorable to the government. *United States v. Wasserson*, 418 F.3d 225, 237 (3d Cir. 2005).

In a bench trial, the factual findings of a court are upheld unless clearly erroneous and its legal determinations receive plenary review. *United States v. Marcavage*, 609 F.3d 264, 271 (3d Cir. 2010).

## III. Discussion

Strausbagh was convicted of violating 18 U.S.C. § 2251(a), which prohibits any person from employing a minor in the visual depiction of "any sexually explicit conduct." Pursuant to 18 U.S.C. § 2256, "sexually explicit conduct" means "actual or simulated . . . lascivious exhibition of the genitals or pubic area of any person." 18 U.S.C. § 2256(2)(A)(v). We look at six factors, enumerated in *United States v. Dost*, 636 F. Supp. 828 (S.D. Cal 1986), *aff'd sub nom. United States v. Wiegand*, 812 F.2d 1239 (9th Cir. 1987), to assess whether a visual depiction of a minor constitutes "lascivious exhibition of the genitals or pubic area." *See United States v. Villard*, 885 F.2d 117, 122 (3d Cir. 1989) (adopting the *Dost* factors as the relevant test for determining lasciviousness). Those factors are:

> (1) whether the focal point of the visual depiction is on the child's genitalia or pubic area;
>
> (2) whether the setting of the visual depiction is sexually suggestive, *i.e.*, in a place or pose generally associated with sexual activity;

4

(3) whether the child is depicted in an unnatural pose, or in inappropriate attire, considering the age of the child;

(4) whether the child is fully or partially clothed, or nude;

(5) whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity;

(6) whether the visual depiction is intended or designed to elicit a sexual response in the viewer.

*Id.* at 832. The *Dost* factors are not dispositive, however, and serve only as a guide. *United States v. Larkin*, 629 F.3d 177, 182 (3d Cir. 2010). We may also consider "any other relevant factors given the particularities of the case." *United States v. Knox*, 32 F.3d 733, 745 (3d Cir. 1994).

Although it is clear that not all six *Dost* factors are present in the 57 photographs with which Strausbaugh was associated, the record clearly indicates that several *Dost* factors are present. When combined with other evidence introduced at trial, it is clear that the evidence presented at trial supports the District Court's finding that the photographs constitute "lascivious exhibition of the genitals or pubic area."

Indeed, with regard to the first *Dost* factor, it is clear that the focus of the photographs is the child's pubic area. Furthermore, the child's pose in several pictures could be construed as sexually suggestive—particularly given Strausbaugh's admission that she was not, in fact, checking the child for signs of sexual abuse—which satisfies the second factor. Those same poses are unnatural for an infant child, thereby implicating the third *Dost* factor. The child is only partially clothed in the photographs, implicating the fourth factor. Although the fifth *Dost* factor is not present, the sixth is, as

5

Strausbaugh's husband testified at trial that the pictures of the child were taken for his own personal use, that Strausbaugh knew that the pictures were for that purpose, and that Strausbaugh had reason to believe her husband looked at child pornography. (App. 392a-393a.)

Furthermore, although on appeal Strausbaugh claims that she took the photographs at issue to check for signs of abuse, at trial, she testified that she was not, in fact, checking the child for signs of abuse when the photographs were taken. (App. 473a.) That admission, as well as the shifting, inconsistent accounts as to her role in photographing the child, support the District Court's factual finding that Strausbaugh was not a credible witness, and it's not crediting her explanations of the photographs. The record surely supports the District Court's findings in that regard.

Looking at the totality of the evidence, as we must, it is clear that the satisfaction of most of the *Dost* factors in addition to the other evidence adduced at trial support Strausbaugh's conviction.

## IV. Conclusion

For the reasons stated above, we will affirm the District Court's judgment of conviction.