BLD-194                                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3557
_____

UNITED STATES OF AMERICA

v.

REBECCA STRAUSBAUGH,
Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 1:11-cr-00096-002)
District Judge:  Honorable William W. Caldwell
_____

Submitted for Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P.
10.6
March 24, 2016
Before:  FUENTES, KRAUSE and SCIRICA, Circuit Judges

(Opinion filed: April 1, 2016)
_____

OPINION*
_____

PER CURIAM

    Rebecca Strausbaugh, a federal prisoner proceeding pro se, appeals the District

Court's order denying her motion requesting a modification or reduction of sentence

_____
* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

pursuant to 18 U.S.C. § 3582(c)(2). Because the appeal does not present a substantial question, we will summarily affirm. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

In 2011, following a bench trial, Strausbaugh was convicted of three counts of child sexual exploitation in violation of 18 U.S.C. § 2251(a) and (e). She was sentenced to 15 years' imprisonment, to be followed by a five-year term of supervised release. Strausbaugh appealed her judgment, and this Court affirmed. United States v. Strausbaugh, 534 F. App'x 175 (3d Cir. 2013) (non-precedential). Strausbaugh then filed a motion under 28 U.S.C. § 2255, which the District Court denied. Strausbaugh subsequently filed an application pursuant to 28 U.S.C. § 2244(b) seeking authorization to file a second or successive § 2255 motion, which this Court denied. In re: Strausbaugh, No. 15-2388 (order entered on June 17, 2015).

Strausbaugh then filed a "Motion for Modification or Reduction of Sentence Under 3582(c)(2), based upon the Supervised Release Statute, 18 USC 3563(b)." In her motion, Strausbaugh challenged the legality of how the District Court imposed the conditions of her supervised release. Specifically, Strausbaugh argued that the District Court failed to consider the factors outlined in 18 U.S.C. § 3553(a), as required by 18 U.S.C. § 3583(c), and failed to articulate the reasons for the sentence, in violation of 18 U.S.C. § 3553(c). The District Court denied the motion, explaining that § 3582(c)(2) applies only to defendants who have been "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)," which was not the basis of Strausbaugh's motion.

2

Strausbaugh appeals. We have jurisdiction pursuant to 28 U.S.C. § 1291.[1] We may summarily affirm the District Court's ruling if there is no substantial question presented on appeal. 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

The District Court did not err in denying Strausbaugh's motion. Pursuant to § 3582(c)(2), a defendant may move for modification of her sentence only if a sentencing range has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o). Strausbaugh, however, challenged the legality of the District Court's original setting of the terms and conditions of her supervised release. Section 3582(c)(2) is not the appropriate vehicle through which to raise those challenges. Strausbaugh had an opportunity to raise those challenges either on direct appeal or in her § 2255 motion and may not now use § 3582 to gain review over issues which should have been raised in earlier proceedings.[2]

Accordingly, we will affirm the District Court's order.

---

[1] The order denying Strausbaugh's motion to reduce or modify her sentence was entered on September 29, 2015. She had 14 days, or until October 13, 2015, to file a notice of appeal. See Fed. R. App. P. 4(b)(1)(A); United States v. Espinosa-Talamantes, 319 F.3d 1245, 1246 (10th Cir. 2003). Strausbaugh, however, did not file her notice of appeal until October 16, 2015. See Houston v. Lack, 487 U.S. 266, 276 (1988). Nevertheless, we decline to dismiss this appeal as untimely because the time requirements of Federal Rule of Appellate Procedure 4(b) are not jurisdictional, see Gov't of the V.I. v. Martinez, 620 F.3d 321, 328-29 (3d Cir. 2010), and the Government has not raised the timeliness issue.

[2] The District Court also correctly concluded that any attempt to proceed under Federal Rule of Criminal Procedure 35(a) would be time-barred and that, absent certification from this Court, it would lack jurisdiction to consider a second or successive petition under 28 U.S.C. § 2255, see 28 U.S.C. § 2255(h).