FILED
United States Court of Appeals
Tenth Circuit

October 4, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

CROSBY POWELL,

    Defendant - Appellant.

No. 16-1019
(D.C. No. 1:11-CR-00036-KHV-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HOLMES**, **BALDOCK**, and **MORITZ**, Circuit Judges.
_____

In August 2012, a jury found Crosby Lincoln Powell guilty on seventeen counts of possessing stolen mail in violation of 18 U.S.C. § 1708, and eleven counts of uttering or possessing forged checks in violation of 18 U.S.C. § 513(a). Powell appealed only the § 513(a) convictions. This court affirmed "as to Counts 10, 13, and 20," but remanded the case to the district court with instructions to vacate the other eight convictions and to resentence Powell. *See United States v. Powell*, 767 F.3d 1026, 1037 (10th Cir. 2014)

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

(concluding that the eight § 513(a) convictions failed for lack of an interstate-commerce connection).

After Powell was resentenced, he again appealed. But he later dismissed the appeal, and in August 2015, he moved for a new trial.[1] In support of the motion, Powell provided the unsigned affidavit of a "Rollin D. Meadows," who claimed that he (Meadows) (1) saw Cheston Foster, a "key witness" against Powell, alter payee names on stolen checks; (2) was told by Foster that U.S. Postal Inspectors had sought his help in convicting Powell; (3) saw Foster alter a $19,216 stolen check used to open a UMB Bank account; and (4) never saw Powell involved with Foster in cashing checks. R., Vol. I at 445-46.

On November 18, 2015, the district court denied the motion, reasoning that while a new trial based on newly discovered evidence could be filed as late as three years post-verdict, *see* Fed. R. Crim. P. 33(b)(1), the Meadows affidavit was inadmissible as it was not signed, and it provided insufficient evidence to undermine the verdict given the "overwhelming evidence against" Powell. R., Vol. I at 534-35. On December 24, 2015, Powell sought an extension of time to appeal, specifying that he intended to appeal the November 18 order to the Tenth Circuit, but he did not learn of the order until December 23. While the motion for an extension was pending, Powell filed a formal notice of appeal on January 15, 2016, challenging the denial of a new trial.

---

[1] Powell amended his new-trial motion in October 2015.

2

On March 4, 2016, the district court found that Powell had shown good cause for an extension of time to appeal: the U.S. Postal Service had not delivered the November 18 order. Accordingly, the district court extended Powell's appeal period to December 24, 2015—the date on which the motion for an extension was filed.

## DISCUSSION

### I. Timeliness of Notice of Appeal

The government argues that Powell's appeal is late because the district court extended the appeal period only to December 24, 2015, and Powell didn't file a notice of appeal until January 15, 2016.[2] The government is incorrect, as Powell's motion for an extension qualifies as a notice of appeal and was timely filed. First, a motion for extension of time to appeal is the functional equivalent of a notice of appeal if it identifies three elements: (1) the name of the appealing party; (2) the judgment or order being appealed; and (3) the court to which the appeal will be taken. *See United States v. Smith*, 182 F.3d 733, 735 (10th Cir. 1999). Powell's motion clearly provided notice of these elements.

Second, Powell's motion was filed within the time prescribed for appealing. Specifically, while Fed. R. App. P. 4(b)(1) requires that a notice of appeal be filed within 14 days after entry of the order or judgment being appealed, as many as 30 extra days may be added to the end of that period under Fed. R. App. P. 4(b)(4) if the district court

---

[2] Although the time limit for appealing in a criminal case is not jurisdictional, it must be enforced if it is asserted by a party. *See United States v. Garduno*, 506 F.3d 1287, 1290-91 (10th Cir. 2007).

3

finds excusable neglect or good cause.  Here, the district court found good cause for a Rule 4(b)(4) extension up to December 24, which was just 22 days after expiration of the Rule 4(b)(1) period.  *See United States v. Dotz*, 455 F.3d 644, 647 (6th Cir. 2006) ("[A] district court has the discretion to consider a motion to extend the time for appeal beyond the [14]-day deadline if and only if it is filed within 30 days after the [14]-day deadline, or [44] days from the date of entry of judgment." (emphasis and internal quotation marks omitted)); *see also United States v. Espinosa-Talamantes*, 319 F.3d 1245, 1246 (10th Cir. 2003) (indicating that an extension motion filed within the Rule 4(b)(4) 30-day extension period is timely).  As Powell's motion was filed within the extension period, and it qualifies as the functional equivalent of a notice of appeal, this appeal is timely despite the fact that he filed a formal notice of appeal outside the extension period.  *See Smith*, 182 F.3d at 734-35 (finding appeal timely where appellant's notice of appeal was filed beyond the 30-day extension period but appellant's extension motion was filed within that period and qualified as a notice of appeal); 16A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3950.9 (4th ed. 2008) (stating that it "makes sense to construe a Rule 4(b)(4) motion as a notice of appeal if no formal notice was filed within the permissible extension period, so long as the motion is the substantial equivalent of a notice of appeal").  We therefore proceed to the merits.

## II.  Motion for New Trial

"We review the denial of a motion for new trial based on newly discovered evidence for an abuse of discretion."  *United States v. Jordan*, 806 F.3d 1244, 1252 (10th Cir. 2015), *cert. denied*, 136 S. Ct. 1700 (2016).  In doing so, we review the district

4

court's "legal conclusions de novo and any factual findings for clear error." *Id.* (internal quotation marks omitted).

"A motion for a new trial based on newly discovered evidence is not favorably regarded and should be granted only with great caution." *Id.* (internal quotation marks omitted). To obtain a new trial, "a defendant must prove: (1) the evidence was discovered after trial, (2) the failure to learn of the evidence was not caused by his own lack of diligence, (3) the new evidence is not merely impeaching, (4) the new evidence is material to the principal issues involved, and (5) the new evidence is of such a nature that in a new trial it would probably produce an acquittal." *Id.* (internal quotation marks omitted). Because Powell "proceeds pro se, we liberally construe his filing[s] but do not assume the role of advocate." *See United States v. Viera*, 674 F.3d 1214, 1216 n.1 (10th Cir. 2012) (internal quotation marks omitted).

Powell challenges the denial of his new-trial motion on the grounds that (1) he had a signed copy of Meadows' affidavit, but it was destroyed by the sheriff's department; and (2) the affidavit shows that "Cheston Foster made false statement[s] and commit[t]ed perjury." Aplt. Opening Br. at 3. Even if we overlook the evidentiary deficiency in Meadows' affidavit, *see* 28 U.S.C. § 1746 (indicating that an unsworn affidavit must be "subscribed . . . as true under penalty of perjury"), nothing in that document suggests Powell probably would have been acquitted based on Meadows' statements. Significantly, Meadows does not assert that Foster committed any of the § 513(a) crimes

5

that this court upheld on appeal.[3]  And as the district court observed, "[n]umerous witnesses testified regarding stolen checks that had been deposited into [Powell's]" bank accounts, and they indicated that "[Powell] did not have any authority or permission to possess the checks or deposit them in his accounts."  R., Vol. I at 527.  At most, the affidavit shows Foster was also engaged in illegal check activity.  But a new trial cannot be granted where the new evidence would merely impeach a witness.  *See Jordan*, 806 F.3d at 1252.  The district court did not abuse its discretion in denying Powell's motion for a new trial.[4]

## III.  Appointment of Counsel

Powell complains that he "should [have] been appointed counsel to assist him in presenting the" motion for a new trial in the district court.  Aplt. Opening Br. at 4. Whether counsel should be appointed in a collateral proceeding is left to the sound

---

[3] Indeed, the Meadows affidavit suggests that Foster committed only one of the § 513(a) crimes charged against Powell.  That crime, charged in count 8 of the superseding indictment, was invalidated on direct appeal.  Thus, whether Foster rather than Powell committed that crime has no bearing on Powell's motion for a new trial.  To the extent Powell complains that he was ordered at resentencing to pay restitution on count 8, his reply brief in this appeal is not the proper vehicle to assert such a claim.

[4] To the extent Powell complains that the district court denied his motion because it was filed eight days beyond the three-year limit of Fed. R. Crim. P. 33(b)(1), we note that the district court expressly declined to enforce the time limitation because "the government ha[d] not raised [it]."  R., Vol. I at 531-32 n.3. In its response brief, the government perfunctorily "asks that [we] address the [timeliness] issue."  Aplee Br. at 8 n.5.  Given that we generally decline to address perfunctory appellate arguments, *see United States v. Wooten*, 377 F.3d 1134, 1145 (10th Cir. 2004), and that we conclude the district court did not abuse its discretion in denying the motion for a new trial, we need not reach the timeliness issue.

discretion of the district court. *See Engberg v. Wyoming*, 265 F.3d 1109, 1122 (10th Cir. 2001); *see also United States v. Berger*, 375 F.3d 1223, 1226-27 (11th Cir. 2004) (stating that "a post-conviction, post-appeal Rule 33 motion is considered a collateral challenge to which the Sixth Amendment right to counsel does not attach") (emphasis omitted). We conclude that the district court did not abuse that discretion given that Powell's motion did not present complex issues and clearly lacked merit.

## IV. Recusal

Finally, Powell states that the district court "show[ed] extreme bias and prejudice towards [him] . . . by permitting his defense counsel to tr[y] the case without having suffi[c]ient time to prepare the . . . defense." Aplt. Opening Br. at 4. The district court declined to recuse itself because Powell failed to submit a recusal affidavit, as required by 28 U.S.C. § 144, and he failed to identify any partiality, bias, or prejudice that would disqualify the court under 28 U.S.C. § 455. Powell provides no support for his perfunctory recusal assertion, and we conclude that the district court's refusal to recuse was not an abuse of discretion. *See Wooten*, 377 F.3d at 1145 ("The court will not consider . . . issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation." (internal quotation marks omitted)); *ClearOne Commc'ns, Inc. v. Bowers*, 651 F.3d 1200, 1217 (10th Cir. 2011) ("Generally speaking, we review for abuse of discretion the denial of a motion for recusal.").

**CONCLUSION**

The judgment of the district court is affirmed.

Entered for the Court


Nancy L. Moritz
Circuit Judge