ALD-095                                                                 **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2750
_____

UNITED STATES OF AMERICA

v.

CHRISTIAN HOGAN, Bigelow,
                                        Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal Action No. 1-16-cr-00215-001)
District Judge:  Honorable Christopher C. Conner

_____

Submitted on Appellee's Motion for Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
February 18, 2021
Before:  MCKEE, GREENAWAY, JR. and BIBAS, Circuit Judges

(Opinion filed: April 23, 2021)
_____

OPINION[*]
_____

PER CURIAM

Christian Hogan, a prisoner at FCI-Loretto, appeals from an order of the District

Court denying his motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2).

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

The Government has filed a motion for summary affirmance. For the following reasons, we will grant the motion and summarily affirm the District Court's order. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

In August 2018, Hogan pleaded guilty to possessing a firearm in furtherance of drug trafficking in violation of 18 U.S.C. § 924(c)(1)(A), possessing with intent to distribute heroin in violation of 21 U.S.C. § 841(a)(1), and possessing a firearm and ammunition as a convicted felon in violation of 18 U.S.C. § 922(g). He was sentenced as a career offender to 200 months' imprisonment, below the suggested Guidelines range of 262-327 months. He did not appeal his judgment of sentence.

In June 2020, Hogan filed a motion for "compassionate release" pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the § 601(b) of the First Step Act, which authorizes criminal defendants to seek reductions of their sentences by demonstrating "extraordinary and compelling" circumstances.[1] Hogan argued that he suffers from numerous medical conditions which expose him to a high risk of serious illness or death from COVID-19, including, inter alia, obesity, sarcoidosis, and prediabetes. He also argued that the 18 U.S.C. § 3553(a) factors weighed in favor of release. The Government opposed the motion, arguing that Hogan had not demonstrated "extraordinary and

---

[1] The parties did not dispute, and the District Court assumed, that Hogan had fully exhausted his administrative remedies as required by 18 U.S.C. § 3582(c)(1)(A). See ECF No. 109 at 4 n.3.

compelling reasons" to support a sentence reduction and, in any event, that the § 3553(a) sentencing factors weighed against release.

The District Court determined that Hogan's morbid obesity made him "uniquely at the risk of severe illness from COVID-19" and that "the [Bureau of Prison's] nationwide institutional movement restrictions are uniquely detrimental to Hogan's health." ECF No. 109 at 10. It therefore found "extraordinary and compelling" circumstances making him eligible for compassionate release. Nevertheless, the District Court denied the motion after determining that release would be inconsistent with the § 3553(a) factors. Hogan appealed, and the Government seeks summary affirmance.

We have jurisdiction pursuant to 28 U.S.C. § 1291.[2] We review for abuse of discretion the District Court's determination that the sentencing factors under § 3553(a) do not weigh in favor of granting compassionate release. United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020). "[W]e will not disturb the District Court's decision unless there is a definite and firm conviction that it committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." Id. (quotation marks and citation omitted).

---

[2] Appellant's notice of appeal was untimely as it was filed outside the 14-day period provided by Fed. R. App. P. 4(b)(1)(A). See United States v. Espinosa-Talamantes, 319 F.3d 1245, 1246 (10th Cir. 2003) (holding that a § 3582(c)(2) motion is considered a continuation of the criminal proceedings). Nonetheless, we will review the merits of this appeal because the fourteen-day period for filing a notice of appeal in a criminal case is non-jurisdictional, see Virgin Islands v. Martinez, 620 F.3d 321, 328-29 (3d Cir. 2010), and the Government forfeited the issue by failing to raise it. Id. at 329; see also United States v. Muhammud, 701 F.3d 109, 111 (3d Cir. 2012).

A district court may reduce a defendant's term of imprisonment "after considering the factors set forth in § 3553(a) . . . if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).  Those sentencing factors require the courts to consider, inter alia, the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public from future crimes by the defendant, and the need to avoid unwarranted sentencing disparities.  18 U.S.C. § 3553(a).  Compassionate release is discretionary, not mandatory; therefore, even if a defendant is eligible for it, a district court may deny compassionate release upon determining that a sentence reduction would be inconsistent with the § 3553(a) factors. See Pawlowski, 967 F.3d at 330; United States v. Jones, 980 F.3d 1098, 1102 (6th Cir. 2020) (finding no abuse of discretion where "the district court found for the sake of argument that an extraordinary and compelling circumstance existed . . . but that the § 3553(a) factors counseled against granting compassionate release").

The Government does not take issue with the District Court's determination that Hogan's medical condition made him eligible for compassionate release.  Rather, it argues that the District Court did not abuse its discretion in determining that compassionate release was inconsistent with the § 3553(a) factors.  We agree.

4

The District Court properly emphasized the serious nature and circumstances of Hogan's offense. Hogan was arrested after twice selling heroin to an undercover police officer. In a search of his home, authorities found a gram of heroin, $2,000 cash, drug packaging materials, and a firearm, which Hogan admitted he bought after being robbed of 150 grams of heroin earlier that week. While out on bail, Hogan sold heroin to undercover agents on three more occasions. A second search of his home revealed 24 grams of heroin, additional drug packaging materials, a stolen firearm, and 33 rounds of ammunition.

The District Court also emphasized Hogan's criminal history, detailing "a criminal record spanning more than 25 years," including four terms of imprisonment. It also noted the high risk of recidivism, as evidenced by the fact that the majority of Hogan's convictions were for drug offenses, and that part of the instant offense was committed while out on bail. Next, the District Court underscored the importance of a "substantial term of imprisonment" as a means to rehabilitate Hogan, who had a "long history of drug addiction" – and to reduce the likelihood of recidivism. ECF No. 109 at 13. Finally, the Court noted that it had sentenced Hogan "approximately 25%" below the Guidelines, and, contrary to his claim that he had served a "substantial portion of his sentence," Hogan had served less than 25% of the 200-month sentence. Id. at 13-14. We find no abuse of discretion in its assessment of these factors.

5

Based on the foregoing, Hogan's challenge to the District Court's order does not present a substantial question. We therefore grant the Government's motion for summary affirmance and we will summarily affirm the District Court's order.