**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**October 2, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MAURICE FRANKLIN, JR.,

    Defendant - Appellant.

No. 24-3143
(D.C. No. 6:03-CR-10151-JTM-1)
(D. Kan.)

_____

### ORDER AND JUDGMENT[*]
_____

Before **HARTZ**, **MORITZ**, and **ROSSMAN**, Circuit Judges.
_____

Maurice Franklin, Jr. was convicted on ten criminal counts in 2004 and

sentenced to a total of 1,242 months in prison.  He appealed his convictions, and we

affirmed.  *See* United States v. Franklin, 195 F. App'x 730, 731 (10th Cir. 2006).  He

obtained a sentence reduction under the First Step Act in 2020, then filed additional

motions in 2023 seeking further reduction of his sentence under 18 U.S.C.

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

§§ 3582(c)(1)(A) and (c)(2).  The district court denied those motions in an order entered August 22, 2024.

Mr. Franklin filed a notice of appeal, but he did so more than 14 days later, after the deadline set by Federal Rule of Appellate Procedure 4(b)(1)(A)(i).[1]  *See United States v. Espinosa-Talamantes*, 319 F.3d 1245, 1246 (10th Cir. 2003) (applying Rule 4(b)(1)(A) time limit to appeal from denial of a § 3582 motion).

The government moved to dismiss his appeal as untimely. But that motion, filed December 3, 2024, was itself untimely.  *See* 10th Cir. R. 27.3(A)(3) (2024) (requiring a motion to dismiss based on a "claims-processing deadline . . . be filed within 14 days after the appeal . . . is docketed . . ."); *United States v. Winter Rose Old Rock*, 76 F.4th 1314, 1317–18 (10th Cir. 2023) (holding the government forfeited its timeliness objection under Rule 4(b) by not complying with the Rule 27.3(A)(3) deadline).

However, we have since amended that rule.  Under the current version of Rule 27.3, the government's "[f]ailure to file a timely motion . . . does not preclude [it] from raising the issue in a merits brief."  10th Cir. R. 27.3(A)(3)(d) (2025); *see also* 10th Cir. R. 1.5 (making current version of court's rules, effective January 1, 2025, applicable in this case).  Because the government's merits brief argues Mr. Franklin's

---

[1] Mr. Franklin's notice of appeal is undated but postmarked September 19, 2024.  He did not include a statement indicating he placed it in the mail system before that date, so the September 19 postmark is the earliest date we would consider it filed.  *See Price v. Philpot*, 420 F.3d 1158, 1164 (10th Cir. 2005) (describing requirements of the prison mailbox rule).

appeal is untimely, we conclude it has properly raised the Rule 4(b)(1)(A) time bar. That time bar "must be enforced by this court when properly invoked by the government." *United States v. Mitchell*, 518 F.3d 740, 744 (10th Cir. 2008).

 We therefore dismiss this appeal as untimely.  We deny the government's motion to dismiss as moot.


        Entered for the Court


        Veronica S. Rossman
        Circuit Judge